IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SYNFUEL TECHNOLOGIES, LLC,**
**Individually and on Behalf of All Others**
**Similarly Situated,**

**Plaintiff,**

vs.

**AIRBORNE EXPRESS, INC.,**

**Defendant.**                                                           **No. 02-CV-324-DRH**

## MEMORANDUM AND ORDER

**Herndon, District Judge:**

   Before the Court is a motion to intervene submitted by class members W. Andrew Hoffman of the Hoffman Legal Group, Pritchard, McCall & Jones, LLC, Professional Asset Strategies, Inc., Asset Strategies, Inc., and N. Albert Bacharach, Jr. (Doc. 99.) Movants seek to intervene for the purpose of presenting a consolidated motion to prevent the reversion of $4,349,750.00 to Defendant. (Docs. 99, 101.) On January 27, 2005, the Court issued final approval of the Parties' settlement agreement. (Doc. 70.) On that same date, the Court directed all Parties and Objectors to submit additional briefs on the issue of attorneys' fees. (Doc. 71.) After further briefing (Docs. 81, 88), the Court approved on March 31, 2005, attorneys' fees for class counsel in the amount of $600,250.00 under the lodestar method rather than for the $4.95 million found in the Parties' settlement agreement (Doc. 94).

1

Nearly a month after the Court had reached this conclusion on the attorneys' fees issue, Attorney Jeffrey Muskopf filed on the Movants' behalves the present motion to intervene (Doc. 99.) Objectors seek to intervene so they can move the Court to prevent reversion of $4,349,750.00 (the difference between the $4.95 million in attorneys' fees agreed-to by the Parties and the $600,250.00 actually awarded to class counsel) to Defendant. (Doc. 99.) In a two-page memorandum, Attorney Muskopf quotes a curiously abridged version of **FEDERAL RULE OF CIVIL PROCEDURE 24**[1] and presents conclusory arguments suggesting movants should be permitted to intervene under **Rule 24(a)** or **(b)**. (Doc. 100.)

**RULE 24** allows for intervention (both as of right and permissively) only "[u]pon timely application" by the potential intervenor. **FED. R. CIV. P. 24.** A court must consider four factors to determine whether a motion to intervene is timely: "'(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.'" ***Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003)**.

The Court denies the present motion to intervene because the motion is untimely. As to the first factor, the movants have been well aware of their interest for over a year. (Doc. 45.) The only reason they now seek intervention is apparently due to their former attorney's procedural mistakes that have caused them to be left

---

[1] Potential objectors cite and quote **Rule 24(a)** and **(b)**. However, they fail to quote the important introductory phrase "[u]pon timely application" found at the beginning of sections **(a)** and **(b)**. Furthermore, they misleadingly capitalize the term "when" at the beginning of their quotation of **Rule 24(a)**. (Doc. 100.)

out of further proceedings in this suit.[2]  (Docs. 78, 100, 102.)  As to the second factor, it would be unfair to the Parties to require them now, after the Court has issued final orders, to take up arguments from presently intervening objectors.  As to the third factor, the movants will suffer no prejudice in not being allowed to intervene.  Specifically, the movants seek intervention to argue against reversion to Defendant (Docs. 99, 101), but class counsel has already filed a motion seeking the exact same relief (Doc. 96).  As to the fourth factor, no unusual circumstances exist in relation to this motion; if some other factor exists, movants have not mentioned it in their motion (which even fails to set forth **Rule 24** properly).

In summary, the Court **DENIES** the motion to intervene since it is untimely.  (Doc. 99.)  The Court **STRIKES** movants' motion to preclude reversion. (Doc. 101.)

**IT IS SO ORDERED.**

Signed this 26th day of May, 2005.

/s/   David RHerndon
**United States District Judge**

---

[2] The movants' former counsel, Attorney J. Scott Kessinger, appealed only as to Objector Joel Shapiro (Doc. 78) and thereby apparently failed to preserve the present movants' rights to appeal.  Attorney Kessinger subsequently had to withdraw as counsel for movants due to a "conflict of interest."  (Docs. 102, 108.)