IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SYNFUEL TECHNOLOGIES, LLC,**
**Individually and on Behalf of All Others**
**Similarly Situated,**

**Plaintiff,**

vs.

**AIRBORNE EXPRESS, INC.,**

**Defendant.**                                                            **No. 02-CV-324-DRH**

## MEMORANDUM AND ORDER

**Herndon, District Judge:**

This matter comes before the Court on a motion to intervene submitted by class member and objector Joel Shapiro. (Doc. 139.) For the following reasons, the Court finds that Shapiro's motion to intervene is untimely and, therefore, **DENIES** the motion. (Doc. 139.)

A short description of the procedural history in this case is necessary to provide sufficient context for Shapiro's motion. On January 27, 2005, the Court issued final approval of the Parties' settlement agreement. (Doc. 70.) The Court's memorandum considered objections raised by what it termed the "Shapiro Objections." (Doc. 70, p. 15.) On February 9, 2005, Shapiro filed a motion to amend

1

memorandum and order approving settlement, which argued that the Court had misconstrued and misstated his objections. (Doc. 73.) In fact, a technical error had occurred. The Court had not considered all of Shapiro's objections because when Shapiro filed his individual objections on March 30, 2004, the Court was switching over to an electronic filing system and Shapiro's objections were not converted into an electronic format at that time. Therefore, the Court inadvertently did not consider Shapiro's individual objections (at Doc. 75) in its January 27, 2005 Order. However, on February 18, 2005, the Court issued another Memorandum and Order that specifically addressed and in turn denied each of Shapiro's objections. (Doc. 76.) Shapiro filed an appeal with the Seventh Circuit. (Doc. 78.) However, the Seventh Circuit failed to reach the issues raised in Shapiro's appeal, since it remanded the case on other grounds. ***Synfuel Tech., Inc. V. DHL Express (USA), Inc.*, 463 F.3d 646, 648 (7th Cir. 2006).** On October 24, 2006, over two and a half years after Shapiro filed his individual objections in this case, he filed the present motion to intervene. (Doc. 139.)

**RULE 24** allows for intervention (both as of right and permissively) only upon "timely application" by the potential intervenor. **FED. R. CIV. P. 24.** A court must consider four factors to determine whether a motion to intervene is timely: "'(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.'" ***Heartwood, Inc. v. U.S. Forest Service, Inc.*, 316 F.3d 694, 701 (7th Cir. 2003)**.

As to the first factor, the Court finds that Shapiro has known of his interest in this case for quite some time now. Shapiro's Objection to Class Action Settlement filed on March 30, 2004 provides sufficient evidence that Shapiro was aware of his interest in this case. He has offered no explanation as to why he did not seek intervention when he was first made aware of his interest in this case, even though his objections clearly evince that he did not believe class counsel was adequately representing his interests. The Court finds this factor most persuasively.

As to the second factor, allowing Shapiro to intervene at this late stage would serve no purpose and, if anything, might unnecessarily delay settlement of this matter. As discussed above, Shapiro has had more than an adequate opportunity to raise his objections with this Court and the Seventh Circuit. As the Supreme Court noted in ***Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002)**, nonnamed class members, like Shapiro, "who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." *Id.* Furthermore, the Court has made it very clear that Shapiro and other recognized Objectors will be allowed to participate in settlement negotiations. (Status Conference Proceedings, 11/3/06, Transcript, p. 15-16.) As an objector, Shapiro has had and will continue to have the opportunity to participate in settlement discussions and other proceedings.

As to the fourth factor, although the Seventh Circuit vacated this Court's approval of the settlement agreement and essentially sent the parties back to the drawing board as Shapiro points out, the Court does not find these circumstances

so unusual as to require a finding that Shapiro's motion to intervene is now timely.

In summary, the Court **DENIES** the motion to intervene since it is untimely. (Doc. 139.)

**IT IS SO ORDERED.**

Signed this 5th day of March, 2007.

/s/       David RHerndon<br>**United States District Judge**